OPINION OF THE COURT
Madonna Stahl, J.
On November 14, 1987, plaintiff purchased a coat at defendant’s store for the sum of $192.49. On November 27, 1987, plaintiff noticed that not only was the underarm seam in the lining pulling apart, but that the outside seam on the right arm was also coming apart.
Shortly thereafter, she returned the coat to the defendant *627 and requested her money back. Defendant did not dispute the defect but offered her only store credit upon the return of the coat.
The store policy which is clearly posted in the store states that "Merchandise may be exchanged * * * for store credit only * * * No cash refunds”.
Since the coat was clearly defective and there was no limiting warranty, section 2-314 of the Uniform Commercial Code applies. "[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.” (UCC 2-314 [1].) "Goods to be merchantable must be at least such as are fit for the ordinary purposes for which such goods are used.” (UCC 214 [2] [c].)
Section 1-106 (1) of the Uniform Commercial Code states that remedies under the "Act shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed”.
This, together with article 2, indicates that plaintiff is entitled to a money refund upon the return of the coat. To give her store credit only would not place her in her original position.
The posted notices in the store, while perhaps applicable to some exchanges, cannot control the return of defective merchandise. The notices have no effect at all upon this transaction.
Judgment for plaintiff in the amount of $192.49 plus $4.90 for the cost of this claim, making a total of $197.39.